IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 4:23-CR-00164-ALM-AGD-13 |
| v. | § | |
| | § | |
| | § | |
| PAUL WADE HILLIS (13) | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Paul Wade Hillis's Motion to Dismiss the Indictment or, In the Alternative, Motion for Bill of Particulars ("Defendant's Motion") [Dkt. 212]. Defendant moves to dismiss the Indictment under Federal Rule of Criminal Procedure 12(b) because it lacks adequate specificity. Alternatively, Defendant requests, under Rule 7(f), an order directing the Government to provide a bill of particulars [Dkt. 212]. The Government opposes Defendant's requests [Dkt. 243]. United States Chief District Judge Amos L. Mazzant referred Defendant's Motion to the undersigned for consideration and a recommended disposition [Dkt. 341]. After reviewing Defendant's Motion [Dkt. 212], the Government's response [Dkt. 243], and all other relevant filings, the court recommends that Defendant's Motion be **DENIED**.

APPLICABLE BACKGROUND

On July 12, 2023, the grand jury returned a one-count indictment charging Defendant, in Count 1, with Conspiracy to Manufacture and Distribute and Possess with the Intent to Manufacture and Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846 [Dkt. 1, sealed]. Thereafter, on December 14, 2023, the grand jury returned a two-count First Superseding Indictment, charging Defendant in Count One with conspiracy to Manufacture and Distribute and Possess with the Intent to Manufacture and

Distribute Methamphetamine, Heroin, and Fentanyl, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846 [Dkt. 97, sealed].[1]

In his motion, Defendant argues that the Indictment should be dismissed because it lacks adequate specificity to provide Defendant with notice of the charges against him under Rule 12(b)(3)(B)(iii) [Dkt. 212 at 4]. Specifically, Defendant contends that the conspiracy charge "lacks essential details that would afford [Defendant] adequate notice—specifically, information regarding the specific manner and means by which the alleged conspiracy was supposed to operate, any particular acts undertaken in furtherance of the conspiracy, and the respective roles assigned to the purported co-conspirators." *Id*. Defendant argues that because the Indictment lacks specificity, he is "unjustly facing charges based on facts that were not presented to the grand jury, a violation of his Fifth Amendment rights." [Dkt. 212 at 5]. Finally, Defendant asserts that without the requisite specificity, he cannot "protect himself from double jeopardy." [Dkt. 212 at 7].

Should the court disagree with Defendant's arguments to dismiss the charging instrument, Defendant requests the court direct the Government to provide Defendant with a list of particulars alleged to be essential to his ability to prepare his defense at trial [Dkt. 212 at 7-9]. Specifically, Defendant contends the Government should be required to provide him: "the names of his alleged co-conspirators, known or unknown in the alleged conspiracy" and "all overt acts not already identified in the Indictment (including times, locations of, and participants in meetings and conversations) allegedly committed in furtherance of the conspiratorial agreement alleged in Count One" [Dkt. 212 at 8-9]. Defendant insists that "[t]his information is necessary for [Defendant] to

---

[1] Defendant filed his motion to dismiss the Indictment on January 29, 2024, over one month after the grand jury returned the First Superseding Indictment. Additionally, Defendant appeared before the court and was arraigned on the First Superseding Indictment over one month prior to filing his motion to dismiss the Indictment. However, the arguments raised in the motion to dismiss the Indictment are still applicable to the First Superseding Indictment and will be considered by the court herein.

REPORT AND RECOMMENDATION – Page 2

prepare for trial and gain an understanding of his role in and the scope of the alleged conspiracy" [Dkt. 212 at 9].

The Government argues Defendant is not entitled to the requested relief [Dkt. 243]. The Government contends that allegations of specific overt acts are not necessary in the prosecution of drug crime conspiracies [Dkt. 243 at 4-5], nor is the Government required to allege the roles of the co-conspirators [Dkt. 243 at 5]. Likewise, the Government continues that a bill of particulars should not issue when Defendant is seeking to obtain a list of the Government's witnesses [Dkt. 243 at 6].

## LEGAL STANDARD AND ANALYSIS

### *Rule 12(b) Motion to Dismiss*

Rule 12 of the Federal Rules of Criminal Procedure provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). This includes a pre-trial motion challenging the indictment for lack of specificity. FED. R. CRIM. P. 12(b)(3)(B)(iii).

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." FED. R. CRIM. P. 7(c)(1). An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal to bar a subsequent prosecution. *United States v. Heon Jong Yoo*, No. 6:18CR16, 2018 WL 9362570, at *2 (E.D. Tex. Nov. 8, 2018) (quoting *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004)) ("'[I]t is well settled that an indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged.' The test for sufficiency

is 'not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimum constitutional standards[.]'"). Stated differently, "[t]he sufficiency of an indictment is judged by whether (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, without any uncertainty or ambiguity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." *United States v. Lightner*, No. H-18-513, 2018 WL 6602183, at *2 (S.D. Tex. Dec. 17, 2018) (quoting *United States v. Lavergne*, 805 F.2d 517, 521 (5th Cir. 1986)).

Relevant herein, even though the indictment must contain "the essential facts" of the charged crime, the defendant is not entitled to "the evidentiary details by which the government plans to establish his guilt." FED. R. CRIM. P. 7(c)(1); *United States v. Gordon*, 780 F.2d 1165, 1172 (5th Cir. 1986) (citation omitted). The Fifth Circuit has explained that "the language of the statute may guarantee sufficiency if all required elements are included in the statutory language." *Gordon*, 780 F.2d at 1171 (citation omitted). Indeed, "[a] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits." *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975) (citing *Costello v. United States*, 350 U.S. 359, 363 (1956)), *cert. denied*, 423 U.S. 1087 (1976). Allowing courts to evaluate the quality of evidence prior to trial runs "counter to the whole history of the grand jury institution," and, thus, courts cannot rule on motions to dismiss based on the sufficiency of the evidence. *United States v. Strouse*, 286 F.3d 767, 773 (5th Cir. 2002) (citation omitted).

Accordingly, the central issue in considering Defendant's instant request to dismiss the [First Superseding] Indictment is whether Count One of the [First Superseding] Indictment

properly and adequately states the elements of the charged crime.  *See United States v. Luna*, No. DR-06- CR-972-AM, 2014 WL 12861730, at *2 (W.D. Tex. Jan. 9, 2014) (quoting *United States v. Ramirez*, 233 F.3d 318, 323 (5th Cir. 2000)) ("Generally, an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged.").

The conspiracy provision of the Controlled Substances Act, 21 U.S.C. § 846, reads: "any person who . . . conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy."  21 U.S.C. § 846.  The First Superseding Indictment alleges that Defendant conspired to violate 21 U.S.C. § 841, which provides that "it shall be unlawful for any person knowingly or intentionally . . . to . . . distribute . . . a controlled substance."  21 U.S.C. § 841(a)(1). The elements for a controlled substance conspiracy charge are as follows:

1. "That two or more persons, directly or indirectly, reached an agreement to" manufacture and distribute and possess with the intent to manufacture and distribute controlled substances;
2. "That the defendant knew of the unlawful purpose of the agreement;"
3. "That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose;"
4. "That the overall scope of the conspiracy involved at least" [insert quantity] of methamphetamine, heroin, and fentanyl; and
5. "That the defendant knew or reasonably should have known that the scope of the conspiracy involved at least" [insert quantity] of methamphetamine, heroin, and fentanyl.

*See Pattern Crim. Jury Instr. 5th Cir. 2.97* (2024).

According to the First Superseding Indictment, Defendant:

(Count One) from sometime in or about January 2021, and continuously thereafter up to and including the date of the First Superseding Indictment, in the Eastern District of Texas and elsewhere, [Defendant] [and other co-defendants] . . . did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally, manufacture and distribute and possess with intent to manufacture

REPORT AND RECOMMENDATION – Page 5

and distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 50 grams or more of methamphetamine (actual), 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, and 400 grams or more of a mixture or substance containing a detectable amount of fentanyl or 100 grams or more of a mixture or substance containing a detectable amount of any fentanyl analogue, a violation of 21 U.S.C. § 841(a)(1). In violation of 21 U.S.C. § 846.

[Dkt. 146, sealed]. The First Superseding Indictment tracks the elements of §§ 841 and 846; Count One meets the relatively low standard established by Rule 7(c)(1). *See United States v. Campbell*, 685 F.2d 131, 132 (5th Cir. 1982) ("In order to dismiss an indictment for failure to state an offense, the court must find that the indictment does not contain the elements of the offense intended to be charged."); *United States v. Adcox*, No. 15-00036, 2017 WL 2489998, at *2-3 (W.D. La. June 7, 2017) (describing general standards for evaluating sufficiency of indictment as relatively lenient and/or low). To reiterate, the court is limited to determining whether the First Superseding Indictment meets the minimum constitutional standards, in that it contains the essential elements of the charged offense and fairly informs Defendant of the charge against him so that he can defend against the charge. Defendant has not shown that the First Superseding Indictment fails to meet this standard. *See Luna*, 2014 WL 12861730, at *2 (denying a request to dismiss an indictment on an § 841 charge); *United States v. Rodriguez*, No. 4:18-CR-00216-ALM-CAN-18, 2020 WL 4689193, at *3 (E.D. Tex. July 27, 2020) (same), *report and recommendation adopted*, No. 4:18-CR-216, 2020 WL 4674141 (E.D. Tex. Aug. 12, 2020) (Mazzant, J.); *United States v. Vogel*, No. 4:08-CR-224, 2009 WL 10673439, at *6 (E.D. Tex. Sept. 2, 2009) (same) (Crone, J.). Therefore, any request to dismiss the [First Superseding] Indictment should be denied.

### *Rule 7(f) Bill of Particulars*

Federal Rule of Criminal Procedure 7(f) provides a basis for defendants to obtain a bill of particulars. FED. R. CRIM. P. 7(f) ("The defendant may move for a bill of particulars before or

within 14 days after arraignment or at a later time if the court permits."). The purpose of a bill of particulars is to inform an accused of the charge with sufficient precision to reduce trial surprise, to enable adequate defense preparation, and critically, by the fleshing out of the charges to illuminate the dimensions of jeopardy. *See e.g., Rodriguez*, 2020 WL 4689193, at *4 (citing *United States v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005) (citation omitted)); *see also United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977) (citation omitted) ("The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution."). "A defendant possesses no right to a bill of particulars[.]" *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980). Indeed, the granting or denial of a bill of particulars is within the sound discretion of the trial court. *Mackey*, 551 F.2d at 970. To that end, a court abuses its discretion in denying a motion for a bill of particulars only when the denial results in actual surprise at trial and prejudice to a defendant's substantial rights. *See United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987). Conversely, "the trial court should only grant a bill of particulars when the information is necessary for the defendant to prepare for trial." *United States v. Little*, No. 11-189-01, 2012 WL 566805, at *1 (W.D. La. Feb. 19, 2012) (citation omitted).

Defendant urges that there is a lack of specificity in the [First Superseding] Indictment, and thus a bill of particulars is necessary to allow him to properly prepare his defense to the charges. As noted above, Defendant seeks "the names of his alleged co-conspirators, known or unknown in the alleged conspiracy" and "all overt acts not already identified in the Indictment (including times, locations of, and participants in meetings and conversations) allegedly committed in furtherance of the conspiratorial agreement alleged in Count One" [Dkt. 212 at 8-9].

### i.    *Overt Acts*

Defendant requests that the Government identify "all overt acts not already identified in the Indictment (including times, locations of, and participants in meetings and conversations) allegedly committed in furtherance of the conspiratorial agreement alleged in Count One" [Dkt. 212 at 8-9]. Defendant in essence asks the Government to provide all the overt acts it will seek to prove. A bill of particulars is not a discovery device. *United States v. Djuga*, No. 14-140, 2015 WL 1412100, at *2-3 (E.D. La. Mar. 25, 2015) (citing *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)); *Burgin*, 621 F.2d at 1359 (outlining that a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial"). A defendant is not entitled to use a bill of particulars to discover all overt acts that might be proved at trial. *United States v. Bethany*, No. 3:18-CR-0297-S, 2020 WL 1976827, at *2 (N.D. Tex. Apr. 23, 2020) (citing *United States v. Shults*, No. 3:14-cr-00298-M, 2018 WL 5023779, at *1 (N.D. Tex. Sept. 18, 2018)); *United States v. Licciardi*, No. 14-284, 2016 WL 815509, at *4 (E.D. La. Mar. 2, 2016) (citing *Kilrain*, 566 F.2d at 985); *United States v. Murray*, 527 F.2d 401, 411 (5th Cir. 1976) (citations omitted) ("[T]here is no general requirement that the government disclose in a bill of particulars all the overt acts it will prove in establishing a conspiracy charge[.]"). Here, the First Superseding Indictment properly discloses the purpose of the alleged conspiracy, its timing, the drugs purportedly involved, and alleges Defendant joined the agreement knowingly and voluntarily. The First Superseding Indictment states in relevant part: "defendants, did knowingly and intentionally combine, conspire and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally, manufacture and distribute and possess with intent to manufacture and distribute 500 grams or more of a mixture or substance containing a detectable amount of

methamphetamine and 50 grams or more of methamphetamine (actual), 1 kilogram or more of a

mixture or substance containing a detectable amount of heroin, and 400 grams or more of a mixture

or substance containing a detectable amount of fentanyl or 100 grams or more of a mixture or

substance containing a detectable amount of any fentanyl analogue" [Dkt. 146 at 2, sealed].  This

is sufficient.

Moreover, as set forth *supra*, Defendant is charged under 21 U.S.C. §§ 841(a)(1), 846.  A

§ 846 conspiracy charge does not require proof that Defendant actually distributed or possessed

with intent to distribute  any controlled substance, or proof of an overt act to show participation in

a drug conspiracy.    Thus, the Government is not required to allege or prove at trial any specific

overt acts by Defendant; the important element of a § 846 conspiracy charge is the agreement.

*United States v. Shabani*, 513 U.S. 10, 11 (1994) ("This case asks us to consider whether 21 U.S.C.

§ 846, the drug conspiracy statute, requires the Government to prove that a conspirator committed

an overt act in furtherance of the conspiracy.  We conclude that it does not."); *United States v.*

*Addison*, No. 14-1168, 2015 WL 1245556, at *4 (E.D. La. Mar. 18, 2015) (citing *United States v.*

*Turner*, 319 F.3d 716, 721 (5th Cir. 2003)) (same).  To be clear, "the fact that [Defendant] was

charged [] with conspiracy reduces the level of factual detail to which he is entitled with respect to

the offenses which were the objects of the conspiracy." *Addison*, 2015 WL 1245556, at *4.

Encompassed within each request to identify the overt acts, Defendant also seeks the dates

and locations Defendant is alleged to have committed each overt act [Dkt. 212 at 9].  This

information (the precise date of the offense and/or the exact location of the act) similarly need not

be alleged in the charging documents.  Alleging that an offense occurred on or about a certain date

is sufficient. *United States v. Ellender*, 947 F.2d 748, 756 (5th Cir. 1991).  Indeed, any date within

the statute of limitations and before the return of the First Superseding Indictment will support a

conviction. *United States v. Bowma*n, 783 F.2d 1192, 1197 (5th Cir. 1986).  Defendant is also not

entitled to any further specificity as to the location of the crime than is alleged in the First Superseding Indictment. *See Djuga*, 2015 WL 1412100, at \*3 (Holding that defendant's "request [for a bill of particulars] impermissibly crosses the line and it seeks a detailed account of government evidence which need not be provided in response to a motion for a bill of particulars[,]" where plaintiff requested the "dates, times, and places at which the Defendant is alleged to have combined, conspired, confederated, and agreed. . . . to commit the narcotics violations alleged[.]"); *United States v. Sherriff*, 546 F.2d 604, 606 (5th Cir. 1977) (Denying request for bill or particulars and holding indictment was sufficiently informative where plaintiff "sought '(t)he exact location, including the street address, of the alleged illegal sale, receipt, transportation, and concealment of automobiles charged in all counts of the indictment.'"). The Government argues that they have provided Defendant with reasonable notice of the approximate dates and locations of the charged offenses as outlined in the First Superseding Indictment [Dkt. 243 at 4-5]. The court agrees. Accordingly, the information provided in the First Superseding Indictment is sufficient and does not warrant a bill of particulars.

### ii.    *Identity of Co-Conspirators*

Defendant's Motion also requests the Government identify "the names of his alleged co-conspirators, known or unknown in the alleged conspiracy." The Government responds that it will provide a witness list to Defendant at the appropriate time and that such list will include the identity of any co-conspirators that the Government intends to offer as a witness [Dkt. 243 at 6].

"[A] bill of particulars is a proper procedure for discovering names of co[-]conspirators the Government plans to call as witnesses at trial." *Addison*, 2015 WL 1245556, at \*4 (citing *Hughes*, 817 F.2d at 272); *see also Little*, 2012 WL 566805, at \*1. But "a motion for a bill of particulars will not be granted when it is being used only to obtain a list of the government's witnesses." *United States v. Faulkner*, No. 3:09-CR-249-D(02), 2011 WL 2880919, at \*3 (N.D. Tex. July 15,

REPORT AND RECOMMENDATION – Page 10

2011) (citing *United States v. Holy Land Found. for Relief and Dev.*, No. 3:04-CR-240-G, 2007 WL 328833, at *3 (N.D. Tex. Feb.1, 2007) (Fish, C.J.) (citing *United States v. Pena*, 542 F.2d 292, 294 (5th Cir. 1976))).  "Rather, the trial court should grant the motion for a bill of particulars 'when the information is necessary' for the defendants to prepare for trial."  *Id*. (quoting *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979)).  "[D]efendant[ is] obliged to show that [he] will be prejudiced if [he does] not receive the information sought[.]"  *Id*.  Defendant does not articulate why the names are necessary to help him prepare for trial, or any specific prejudice he will suffer if his request is denied and/or if he does not receive the names at this time.  *See United States v. Garibalde-Barron*, No. EP-12-CR-1406-KC, 2013 WL 427389, at *5 (W.D. Tex. Feb. 4, 2013) (Denying bill of particulars "[b]ecause [defendant] does not indicate why his remaining requests for factual details, witnesses, and informants are necessary to prepare for trial or prevent double jeopardy[.]").  Further, as already referenced in connection with Defendant's request for overt acts, a conspiracy charge may be sustained by showing that a defendant entered into an agreement, whether or not that defendant's co-conspirators are identified.  "[I]n order for [the defendant] to be convicted of conspiracy it [i]s not necessary for the government to prove that he knew all of the members of the conspiracy."  *United States v. Pofahl*, 990 F.2d 1456, 1470 (5th Cir. 1993); *Rodriguez*, 2020 WL 4689193, at *6 (citing *Faulkner*, 2011 WL 2880919, at *3).  Additionally, a bill of particulars regarding the identity of co-conspirators is largely obviated by the provision of a witness list before trial.  *See Hughes*, 817 F.2d at 272; *United States v. Hagen*, No. 3:19-CR-146-B, 2020 WL 1929848, *13 (N.D. Tex. Apr. 21, 2020).  As such, the information provided in the First Superseding Indictment is sufficient and does not warrant a bill of particulars.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that Defendant Paul Wade Hillis's Motion to Dismiss the Indictment or, In the Alternative, Motion for Bill of Particulars ("Defendant's Motion") [Dkt. 212] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the uncontroverted factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 7th day of July, 2025.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE